UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MEE H. JUNG, | : |
| | : |
| *Plaintiff*, | : |
| | : |
| v. | : |
| | : C.A. No.: 1:17-cv-00295 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY | : |
| as trustee for, RESIDENTIAL ACCREDITLOANS, INC. | : |
| MORTGAGE ASSET-BACKED PASS-THROUGH | : |
| CERTIFICATES SERIES 2007- QS8, PNC MORTGAGE, | : |
| PNC BANK, N.A., PNC FINANCIAL SERVICES | : |
| GROUP, INC., and DALIA GIEDRIMIENE, | : |
| | : |
| *Defendants*. | : |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants, Deutsche Bank National Trust Company as Trustee for Residential Accredit

Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2006-QS8 ("Deutsche

Bank"),[1] PNC Mortgage, PNC Bank, N.A., and PNC Financial Services Group, Inc. ("PNC")

(collectively "Defendants"), submit this Memorandum of Law in support of their Motion to

Dismiss Plaintiff's Complaint pursuant to Rule 41(a)(1)(B) and Rule 12(b)(6) of the Federal

Rules of Civil Procedure.

## I.     INTRODUCTION

This is the ***third*** lawsuit that Plaintiff Mee H. Jung ("Plaintiff") has filed to challenge the

foreclosure sale conducted by Deutsche Bank in 2014 – nearly three (3) years ago.  Plaintiff

voluntarily dismissed the two previously filed cases and now has filed the instant action yet

---

[1] Deutsche Bank is misnamed in the caption and Complaint as Deutsche Bank National Trust Company as trustee for, Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-Through Certificates 2007-QS8.  The proper entity is Deutsche Bank National Trust Company as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2006-QS8.

again seeking to challenge the foreclosure sale. This third complaint must be dismissed as Plaintiff's claims are barred by the doctrine of *res judicata* and even assuming *arguendo* that the claims are not barred, they wholly lack merit, are unsupported by any factual or evidentiary support, and do not state a basis for relief. Therefore, for the reasons more fully set forth below, Defendants request that the Court dismiss Plaintiff's Complaint with prejudice.

## I. FACTS[2]

Plaintiff, obtained a $484,000.00 loan from National City Mortgage, a division of National City Bank of Indiana ("National City"), which was secured by a Mortgage in the same amount granted to National City by Plaintiff ("Mortgage") for the property located at 397-399 Hope Street in Providence, Rhode Island ("Property"). Pl.'s Compl. ¶¶ 12-13. Through a series of assignments of the Mortgage, Deutsche Bank became the mortgagee of Plaintiff's Mortgage.[3] Pl.'s Compl. ¶ 22. Prior to foreclosure, PNC merged with National City and became servicer of Plaintiff's Mortgage loan. Pl.'s Compl. ¶ 17.

On June 10, 2013, PNC, as servicer for Deutsche Bank, sent a Notice of Default ("Notice" or "2013 Notice of Default") to Plaintiff. Pl.'s Compl. ¶ 18.

On March 7, 2014, PNC, on behalf of Deutsche Bank, foreclosed and Deutsche Bank purchased the Property at the foreclosure sale. Pl.'s Compl. 24. The Foreclosure Deed was recorded on April 6, 2015 in Book 11088 at Page 98, et seq. in the Records of Land Evidence for the City of Providence. Pl.'s Compl. ¶ 24.

Subsequent to the foreclosure, Plaintiff filed a complaint in this Court on March 10, 2014 against Deutsche Bank and Mortgage Electronic Registration Systems, Inc. (MERS) captioned

---

[2] For purposes of this motion, Defendants recite the facts as set forth in Plaintiff's Complaint and make no representation as to whether Defendants accept or deny such facts. Defendants reserve the right to refute the facts as alleged should this matter not be dismissed.

[3] Defendants will not recite the series of assignments here as they are irrelevant to Plaintiff's claims.

*Mee H. Jung v. Deutsche Bank National Trust Company as Trustee for Residential Accredit Loans, Inc., Mortgage-Asset-Backed Pass-Through Certificates Series 2006-QS8, Mortgage Electronic Registration Systems*, C.A. No. 1:14-cv-00124-M-LDA ("2014 Complaint").[4] In the 2014 Complaint, Plaintiff claimed that the foreclosure was void due to allegations of lack of standing to foreclose and invalid assignments of the Mortgage. Plaintiff dismissed the 2014 Complaint by filing a Notice of Voluntary Dismissal on September 16, 2014; the Court issued a Text Order entering the Notice of Voluntary Dismissal on September 17, 2014. A copy of the 2014 Docket and Complaint are attached hereto as ***Exhibit A***.

Plaintiff filed the second complaint in Providence County Superior Court on April 13, 2016, against Ocwen Loan Servicing, LLC ("Ocwen")[5] and Deutsche Bank, which was removed to this Court on May 23, 2016, captioned *Mee H. Jung v. Ocwen Loan Servicing, LLC, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificates Series 2006-QS8*, C.A. No. 1:16-cv-00232-M-LDA ("2016 Complaint"). The 2016 Complaint included claims for breach of contract and to quiet title as the result of an allegedly void foreclosure and foreclosure deed based on allegations that Deutsche Bank, through its servicer, failed to comply with notice requirements pursuant to Paragraph 22 of

---

[4] Defendants ask this Court to consider and take judicial notice of the prior actions, including the docket and pleadings filed therein. The Court may take judicial notice of the pleadings and docket of previously-filed actions and may consider materials outside of the pleadings on a Rule 12 motion. *See Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002). Facts subject to judicial notice are facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bello*, 194 F.3d 18, 23 (1st Cir. 1999). Judicial notice of undisputed records of relevant court proceedings is appropriate. *See United States v. Florentino*, 385 F.3d 60, 65 (1st Cir. 2004). The Court must take judicial notice of an adjudicative fact "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Specifically, Defendants request that the Court take judicial notice of the pleadings and dockets in the two previously-filed court actions, the relevant documents of which are attached as exhibits hereto. These documents are true and correct copies of the relevant pleadings in the two previously-filed and dismissed actions demonstrating that Defendants are entitled to dismissal of this action under the doctrine of *res judicata*.
[5] Ocwen executed the Foreclosure Deed as Attorney in Fact for Deutsche Bank.

the Mortgage.[6] Plaintiff dismissed the 2016 Complaint by filing a Notice of Voluntary Dismissal on August 26, 2016; the Court issued a Text Order entering the Notice of Voluntary Dismissal on August 29, 2016. A copy of the 2016 Docket and Complaint are attached hereto as *Exhibit B*.

Plaintiff filed the instant complaint against Deutsche Bank and PNC, the third complaint arising from the 2014 foreclosure, in Providence County Superior Court on May 4, 2017, which was removed to this Court on June 16, 2017. The May 4, 2017 Complaint includes two counts, Count I -Breach of Mortgage Contract and Count II-Quiet Title. Both of these claims seek to void the 2014 foreclosure sale solely based on allegations that PNC failed to provide proper notice pursuant to Paragraph 22 of the Mortgage.

## II.    STANDARD OF REVIEW

In order to survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must include factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions[.]" *Id.* The complaint must "contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). While the Court accepts as true the "well-pleaded facts" and "draw[s] all reasonable inferences therefrom in the pleader's favor[,]" the Court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley v. City of*

---

[6] The 2016 Complaint alleged that PNC was the servicer for Deutsche Bank, but did not name PNC as a defendant.

*Boston*, 657 F.3d 39, 46 (1ˢᵗ Cir. 2011) (citing *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1ˢᵗ Cir. 2003)).

## III.   ARGUMENT

As a preliminary matter, Plaintiff's Complaint is barred by the doctrine of *res judicata*. This is Plaintiff's third complaint challenging the 2014 foreclosure – a foreclosure that ultimately resulted in a conveyance to a third party.  Plaintiff's improper and baseless complaints have been filed in order to delay and frustrate the rights of the third party owner of the Property.  Plaintiff's most recent complaint is based upon a single allegation: that the 2013 Notice of Default did not comply strictly with the contractual requirements of Paragraph 22 of the Mortgage.  Although Plaintiff's Complaint is barred by the doctrine of *res judicata*, PNC, as servicer for Deutsche Bank, did in fact comply with Paragraph 22 and therefore, Plaintiff's claims also fail as a matter of law.

### A.   *Plaintiff's Complaint is barred by the doctrine of res judicata.*

*Res judicata* "can be adjudicated on a motion to dismiss so long as (i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude." *Rodi v. S. New Eng. Sch. Of Law*, 389 F.3d 5, 12 (1ˢᵗ Cir. 2004).  Further, when a "motion to dismiss is premised on a defense of res judicata … the court may take into account the record in the original action." *Andrew Robinson Intern., Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 51 (1ˢᵗ Cir. 2008).  *Res judicata* "relates to the effect of a final judgment between the parties to an action and those in privity with those parties." *E.W. Audet & Sons, Inc. v. Fireman's Fund Insurance Co. of Newark, New Jersey*, 635 A.2d 1181, 1186 (R.I. 1994). Further, *res judicata*, or claim preclusion, prohibits the "relitigation of all the issues that were

tried or might have been tried in the original suit." *Id.* It is clear from the records in this, and the two prior actions filed and dismissed by Plaintiff, that the elements of *res judicata* are met as to Defendants.

An action is barred by *res judicata* when there is "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Cooke v. Mortgage Electronic Reg. Sys., Inc.*, 2013 WL 2368846 *2 (R.I.D. 2013) (quoting *Gonzalez v. Banco Century Corp.*, 27 F.3d 751, 755 (1st Cir. 1994) (internal quotation marks omitted)).

### i. *Final Judgment*

A dismissal with prejudice "will be accorded preclusive effect in a subsequent proceeding if...(1) the parties are the same or in privity with the parties of the previous proceeding; (2) an identity of issues in both proceedings; and (3) a valid final judgment on the merits has been entered in the previous proceeding." *Lennon v. Dacomed Corp.*, 901 A.2d 582, 591 (R.I. 2006).

Again, Plaintiff has filed a total of three complaints arising from the 2014 foreclosure in the period of three (3) years; two of these prior complaints were voluntarily dismissed pursuant to Fed.R.Civ.P. Rule 41(a)(1). Rule 41(a)(1)(B) provides that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as *an adjudication on the merits*." Fed.R.Civ.P. Rule 41(a)(1)(B) (emphasis added). The 2014 Complaint and the 2016 Complaint were based on the same claim, i.e. a void foreclosure resulting from an alleged wrongful foreclosure in 2014. Thus, pursuant to Rule 41(a)(1)(B), the second voluntary dismissal, i.e. the dismissal of the 2016 Complaint, operated as an adjudication on the merits. This adjudication on the merits became a final judgment, similar to a voluntary dismissal *with* prejudice, which "is ordinarily deemed a final judgment that

satisfies res judicata criterion." *United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998); *see also*, *Lennon*, *supra* (holding that a voluntary dismissal with prejudice in federal court is considered a valid final judgment on the merits for purposes of *res judicata* in a later-filed state court action). As a result, the dismissal of the 2016 Complaint satisfies the first element of the *res judicata*.

### ii. *Identicality of Causes of Action*

Again, this is the third suit filed by Plaintiff challenging the 2014 foreclosure. Not only could the issues Plaintiff raised in this suit have been raised in the 2016 Complaint, but the issues were in fact raised. Specifically, Plaintiff asserts in both the 2016 Complaint and this action that PNC, as servicer for Deutsche Bank, failed to give notice in accordance with Paragraph 22 of the Mortgage. *See* Pl.'s 2016 Compl. ¶ 34. Thus, the claims are in fact identical. Further, there is no question that the claims pled in all three actions arose from the same series of transactions, i.e. the 2014 foreclosure of the Mortgage. The Rhode Island Supreme Court has stated that "[i]n determining the scope of the issues to be precluded in the second action, we have adopted a broad 'transactional' rule." *Lennon*, *supra*, at 592 (quoting *Waters v. Magee*, 877 A.2d 658, 666 (R.I. 2005) (additional citations omitted)). "This rule precludes the re-litigation of 'all or any part of the transaction, or series of connected transactions, out of which the [first] action arose.'" *Id.* (quoting *Waters*, 877 A.2d at 658 (additional citations omitted)). There is no substantive difference between the 2016 Complaint and the instant complaint; the damages and claims relate to an allegedly invalid foreclosure by Deutsche Bank and its servicer, PNC. As the damages and claims are the same in both the current and prior proceedings, arising from the same transaction, there is sufficient identity of issues for purposes of *res judicata*.

### iii.  *Identical Parties*

Deutsche Bank and its servicer PNC are in privity such that "'there is a commonality of interest between the two entities' and [] they 'sufficiently represent' each other's interests." *Lennon, supra*, at 591 (quoting *Duffy v. Milder*, 896 A.2d 27, 36 (R.I. 2006) (additional citations omitted)).  In this case, Deutsche Bank is the mortgagee and acted through its servicer PNC to foreclose the Mortgage.  As the servicer is acting on behalf of the mortgagee, Deutsche Bank and PNC's interests are entirely aligned, and they have a commonality of interests that creates privity.

In *Lennon*, the Rhode Island Supreme Court held that a manufacturer of an allegedly defective product and its parent company were in privity due to the commonality of interests that existed between them, despite the fact that the two were separate and distinct entities.  *Id.* at 592. Similarly, Mortgage servicers have been found to be in privity with mortgagees.  *See R.G. Financial Corp. v. Vergara-Nunez*, 446 F.3d 178, 187 (1ˢᵗ Cir. 2006).  In *R.G. Financial Corp.*, there was "no dispute that [the servicer] acted on behalf of [the mortgagee] in servicing the mortgage in question and in commencing the foreclosure action[]" such that the servicer and mortgagee had sufficient identity of interest for purposes of *res judicata*.  Thus, there is sufficient identicality of the parties such that the dismissal of the 2016 Complaint against Deutsche Bank operated as an adjudication as to PNC who is in privity with Deutsche Bank.

Therefore, all of the elements of *res judicata* are met and this Court must dismiss the instant action.

*B.*    *Defendants complied with Paragraph 22 of the Mortgage.*

Plaintiff asserts two claims, one for breach of contract (Count I) and one to quiet title (Count II). Both of these claims are based upon allegations that Defendants provided insufficient notice leading to a wrongful foreclosure such that the foreclosure is void. Plaintiff's claims are based on a single allegation that Defendants failed to comply with Paragraph 22 of the Mortgage in providing the 2013 Notice of Default ("2013 Notice"). Specifically, Plaintiff asserts that the Notice did not include all of the requisite information as set forth in Paragraph 22 of the Mortgage. In short, even if this Court did not dismiss Plaintiff's complaint on the basis of *res judicata*, it is clear from a review of the Notice that all of the requirements of Paragraph 22 of the Mortgage were met as the Notice provided all of the required information.

Pursuant to Paragraph 22 of the Mortgage, prior to acceleration notice must be given to the borrower that includes language (1) that the mortgagor is in default; (2) the action required to cure default; (3) a date, not less than thirty days from the date of the notice, by which default must be cured; (4) that failure to cure default on or before the specified date may result in acceleration and sale of the property; (5) the right to reinstate after acceleration; and (6) the right to bring a court action claiming the non-existence of default or any other defense to acceleration and sale. Pl.'s Compl. ¶ 14.

Plaintiff does not raise any issues with regard to requirements 1-5 as set forth above. He only contends that the 2013 Notice did not include language to advise him that he had the right to take court action to challenge the default and foreclosure. Specifically, the language of the Mortgage is: "notice shall inform Borrower of…the right to bring court action to assert the non-

existence of a default or any other defense of Borrower to acceleration and sale." Pl.'s Compl. ¶ 14.

The 2013 Notice states as follows: "the right to bring a court action to assert the non-existence of a default or any other defense [he] may have to the acceleration and foreclosure."

The language in the 2013 Notice comports with the language in the Mortgage. The clear intent of this provision is that the notice of default informs the borrower of the right to bring an independent court action to contest the default or assert any other defense to acceleration and foreclosure. The 2013 Notice clearly provides the borrower notice of the right to bring the independent court action.

Plaintiff takes the position that the notice of default must strictly comply with Paragraph 22 of the Mortgage. Plaintiff relies on two decisions to support his contention that PNC failed to comply with notice requirements: *In re Demers*, 511 B.R. 233 (Bankr. D.R.I. 2014) and *Martins v. Federal Housing Finance Agency*, 214 F.Supp.3d 163 (D.R.I. 2016).[7] While these cases hold that Paragraph 22 must be strictly complied with and the notices were deficient for failing to so comply, they are distinguishable on the facts. In *Martins*, the Court found that the notice only advised the plaintiff that she could assert claims and defenses in the foreclosure proceeding. The notice, however, did not include language advising her that she could bring an independent action to raise such claims or defenses. *Id.* at 170. In *Demers*, the language was even more vague than that in the *Martins* case; the notice in *Demers* stated that the borrower had "the right to argue that you did keep your promises and agreement under the Mortgage Note and Mortgage, and to present any other defenses that you might have." *Demers*, *supra*, at 238.

---

[7] These cases were decided in 2014 and 2016 respectively and thus Plaintiff had the opportunity to raise claims based on these cases in the original litigation.

Here, the 2013 Notice clearly advises Plaintiff that he has the right to bring a court action. Practically, the 2013 Notice covers all scenarios in which Plaintiff can assert claims and defenses, either by responding to litigation already pending through a judicial foreclosure or by bringing an independent court action to respond to a non-judicial foreclosure.

As this is the sole basis for Plaintiff's claims, and it has been established that the Notice complied with Paragraph 22 of the Mortgage, the foreclosure was proper and Plaintiff's claims against Defendants fail as a matter of law.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Complaint fails to state a claim against Defendants and should be dismissed. Plaintiff's claims are barred by *res judicata*; even assuming *arguendo* that the claims are not barred, they wholly lack merit, are unsupported by allegations of fact, and do not state a basis for relief. Therefore, Defendants request that the Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-QS8, PNC MORTGAGE, PNC BANK, N.A., AND PNC FINANCIAL SERVICES GROUP, INC.,**
By Their Attorneys,
*/s/ Bethany M. Whitmarsh*
Bethany M. Whitmarsh, Esq. #7318
Shanna M. Boughton, Esq. #8283
LeClairRyan
400 Westminster Street, Suite 48
Providence, RI  02903
Tel:  401-214-0097
Fax: 401-214-1141
Dated: July 21, 2017            bethany.whitmarsh@leclairryan.com
shanna.boughton@leclairryan.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2017, the foregoing document was filed and served through the electronic filing system on the following:

Todd S. Dion, Esq.
371 Broadway
Providence, RI 02909

I hereby certify that on July 21, 2017, the foregoing document was served via regular mail, postage paid on the following:

Dalia Giedrimiene
193 Stone Hill Drive
Rocky Hill, CT 06067

*/s/ Bethany M. Whitmarsh*
Bethany M. Whitmarsh

# EXHIBIT A

CM/ECF     ?

- Query
- Reports
- Utilities
- Logout

CLOSED,ENE

# U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: 1:14-cv-00124-M-LDA

Jung v. Deutsche Bank National Trust Company et al
Assigned to: Judge John J. McConnell, Jr
Referred to: Magistrate Judge Lincoln D. Almond
Cause: 28:1332 Diversity-Other Contract

Date Filed: 03/10/2014
Date Terminated: 09/17/2014
Jury Demand: Plaintiff
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Diversity

**Plaintiff**

**Mee H. Jung**

represented by **Todd S. Dion**
Law Office of Todd S. Dion Esq.
371 Broadway
Providence, RI 02909
401-353-1230
Fax: 401-353-1231
Email: toddsdion@msn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Deutsche Bank National Trust Company**
*as Trustee for Residential Accredit Loans, Inc., Mortgage-Asset-Backed Pass-Through Cert,ficates Series 2006-QS8*

represented by **Bethany M. Whitmarsh**
LeClairRyan
One International Place
Eleventh Floor
Boston, MA 02110
617-502-8228
Fax: 617-502-5735
Email:
bethany.whitmarsh@leclairryan.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | |
|---|---|
| **Mortgage Electronic Registration Systems, Inc.** | represented by **Bethany M. Whitmarsh** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/10/2014 | 1 | COMPLAINT ( filing fee paid $ 400.00 receipt number 14670013046 ), filed by Mee H. Jung. (Attachments: # 1 Civil Cover Sheet)(McGuire, Vickie) (Entered: 03/11/2014) |
| 04/07/2014 | | TEXT ORDER: Each of the following orders and attachments thereto from In re: Mortgage Foreclosure Cases (11-mc-88-M-LDA) are hereby entered in this case: ECF Nos. 1 , 156 , 412 , 990 , 1401 , 1698 , 1791 , 2168 , 2249 and 2296 . Further, Plaintiff(s) shall file a fully completed Appendix A (available on the courts website www.rid.uscourts.gov ) within seven (7) days and mail it to the Special Master at 50 Holden Street, Suite 200, Providence, RI 02908 - So Ordered by Judge John J. McConnell, Jr. on 4/7/14. (Barletta, Barbara) (Entered: 04/07/2014) |
| 05/08/2014 | 2 | NOTICE of Appearance by Bethany M. Whitmarsh on behalf of Deutsche Bank National Trust Company, Mortgage Electronic Registration Systems (Whitmarsh, Bethany) (Entered: 05/08/2014) |
| 06/09/2014 | | Summons Issued as to Deutsche Bank National Trust Company, Mortgage Electronic Registration Systems. (McGuire, Vickie) (Entered: 06/09/2014) |
| 08/01/2014 | 3 | ORDER accepting Recommendation to remove this case from the Special Master's docket- So Ordered by Judge John J. McConnell, Jr. on 7/30/14. (Barletta, Barbara) (Entered: 08/01/2014) |
| 08/01/2014 | | TEXT SCHEDULING ORDER: Defendants shall file a responsive pleading or an answer to the Complaint on or before 9/1/14; Factual Discovery to close on 3/2/15; Plaintiffs' expert disclosures due by 4/2//15; Defendants' expert disclosures due by 5/2/15; Expert Discovery to close on 6/2/15; Dispositive Motions shall be filed by 7/2/15 and Pretrial Memoranda shall be filed by 8/2/15- So Ordered by Judge John J. McConnell, Jr. on 8/1/14. (Barletta, Barbara) (Entered: 08/01/2014) |
| 08/01/2014 | 4 | ORDER REFERRING CASE to Early Neutral Evaluation with Berry Mitchell as neutral- So Ordered by Judge John J. McConnell, Jr. on 8/1/14. (Barletta, Barbara) (Entered: 08/01/2014) |
| 09/02/2014 | 5 | MOTION for an Extension of Time to File Response/Reply filed by Deutsche Bank National Trust Company, Mortgage Electronic Registration Systems. Responses due by 9/19/2014 (Whitmarsh, Bethany) (Entered: 09/02/2014) |
| 09/03/2014 | | TEXT ORDER granting 5 Motion for Extension of Time to File Response/Reply ; Reset Deadlines: Deutsche Bank National Trust Company answer due 10/1/2014; Mortgage Electronic Registration Systems answer due |

| | | |
|---|---|---|
| | | 10/1/2014. - So Ordered by Judge John J. McConnell, Jr on 9/3/2014. (McGuire, Vickie) (Entered: 09/03/2014) |
| 09/16/2014 | 6 | NOTICE of Voluntary Dismissal by Mee H. Jung (Dion, Todd) (Entered: 09/16/2014) |
| 09/17/2014 | | TEXT ORDER entering 6 Notice of Voluntary Dismissal filed by Mee H. Jung - So Ordered by Judge John J. McConnell, Jr. on 9/17/14. (Barletta, Barbara) (Entered: 09/17/2014) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/14/2017 10:48:44 | | | |
| **PACER Login:** | leclairryan1:4987306:0 | **Client Code:** | 38588.0607/3112 |
| **Description:** | Docket Report | **Search Criteria:** | 1:14-cv-00124-M-LDA |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

~FILED

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE STATE OF RHODE ISLAND

2014 MAR 10  P 3:09

| | | |
|---|---|---|
| MEE H JUNG | ) | U.S. DISTRICT COURT |
| | ) | DISTRICT OF RHODE ISLAND |
| | ) | |
| VS. | ) | CA NO. 13- |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY AS TRUSTEE FOR RESIDENTIAL | ) | **CA 14- 124 M** |
| ACCREDIT LOANS, INC., MORTGAGE- | ) | |
| ASSET-BACKED PASS-THROUGH | ) | |
| CERTIFICATES SERIES 2006-QS8; | ) | |
| MORTGAGE ELECTRONIC REGISTRATION | ) | |
| SYSTEMS | ) | |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DECLARATORY
JUDGMENT ACCORDING TO THE PROVISIONS OF §9-30-1, et. seq. of THE
GENERAL LAWS OF THE STATE OF RHODE ISLAND
And TO QUIET TITLE TO THE SUBJECT PROPERTY PURSUANT TO§34-16-1 et.
Seq. of THE RHODE ISLAND GENERAL LAWS.**

**This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as
such fall within the jurisdiction of this Honorable Superior Court.**

### INTRODUCTION

1.  This complaint seeks a declaratory judgment that an alleged "Assignment" of the Plaintiffs'
    mortgage loan from Mortgage Electronic Registration Systems, as nominee for PNC Bank
    ("MERS"), to Deutsche Bank National Trust Company as Trustee ("DEUTSCHE BANK
    NATIONAL TRUST COMPANY AS TRUSTEE") is invalid and that, as a result,
    DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE, is not valid
    mortgagee, assignee or successor in interest that may initiate a foreclosure sale on Plaintiffs'
    property. As grounds set forth the Plaintiffs avers that the "Assignment of Mortgage" from
    MERS to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE was not
    "duly executed" and because the Assignment is a void documents that failed to assign the
    Mortgage and Note in accordance with R.I.G.L. 34-11-1 and R.I.G.L. 34-11-24 with the
    requisite authority and effect because there is no document, power of attorney or otherwise
    that sets forth that MERS was the "nominee" of PNC Bank. Therefore MERS as nominee to
    PNC Bank was not a valid assignor and the assignment is void.

2.  Plaintiff further contends that Defendant, DEUTSCHE BANK NATIONAL TRUST
    COMPANY AS TRUSTEE, is not the current Mortgagee of the Property because the
    Assignment of Mortgage purporting to assign the Mortgage from MERS as nominee to
    DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE is null and void.

1

3.  The Plaintiff prays that this Honorable Court declare any foreclosure sale based on these documents invalid, enjoin the Defendants from proceeding with any eviction action against Plaintiffs pending a determination by this Court verifying the validity of the Assignments of Mortgage, Foreclosure Deed, and the underlining sale. Plaintiffs further respectfully requests this Honorable Court quiet the title of said property by declaring Plaintiff, Mee H Jung, as the sole owner.

## The Parties

4.  Plaintiff, Mee H Jung ("JUNG"), is a resident of and claims to be the owner of real property located at 397-399 Hope Street, Providence, Rhode Island.

5.  Defendant, Mortgage Electronic Registration Systems, ("MERS") is Delaware Corporation, not authorized to do business in Rhode Island, that allegedly simplifies the way mortgage ownership and servicing rights are originated, sold and tracked. It is not a lender or a servicer and is nothing more than a mortgage placeholder allowing promissory notes to be sold without complying with the General Laws of the State of Rhode Island. MERS is identified as an assignor of a mortgage executed by JUNG to secure payment of a Mortgage and Note to National City Mortgage, a division of National City Bank of Indiana ("NATIONAL CITY INDIANA"). MERS is purportedly acting as a nominee to PNC Bank without any power of attorney or any document on record establishing MERS status as a nominee for PNC Bank.

6.  Defendant, Deutsche Bank National Trust Company as Trustee ("DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE"), located at 2255 North Ontario Street #400, Burbank, CA 91504, claims to be the purported assignee of the JUNG Mortgage from MERS as nominee for PNC Bank. JUNG alleges that the Assignment of Mortgage from MERS as nominee for PNC Bank to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE is void in accordance with R.I.G.L. 34-11-1 and 34-11-24.

## JURISDICTION

7.  This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendant is a foreign corporation based outside of the State of Rhode Island.

8.  Venue is proper in the District pursuant to 28 U.S.C. § 1391 (b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

9.  Plaintiffs further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

    a.  Plaintiffs, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem her mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

2

b. Plaintiffs claim ownership of the latter described premises and seeks to clear her title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

c. Plaintiffs claim ownership of the latter described premises and seeks to clear her title of all void conveyances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

d. Plaintiffs claim that only she has a marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, forty (40) years of ownership of the fee interest.

e. Plaintiffs as mortgagors, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, her mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

f. Plaintiffs claim a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in her chain of title.

## Facts

10. Plaintiff, Mee H Jung, is a resident of and became the owner of the property located at 397-399 Hope Street, Providence, Rhode Island on May 25, 2005. The Deed granting JUNG the property was recorded in the Land Evidence Records of the City of Providence in Book 7305 Page 260. (Exhibit 1)

11. On May 1, 2006, JUNG executed a mortgage and note toeved was to National City Mortgage, a division of National City Bank of Indiana and which identified National City Mortgage, a division of National City Bank of Indiana as the Lender (the "Mortgage"). The Mortgage to JUNG allegedly secured a loan to JUNG. The Mortgage was recorded in the Land Evidence Records of the City of Providence in Book 8028 at Page 324. (Exhibit 2).

12. JUNG were never told by the Defendants who held the beneficial interest in the loan or the Promissory Note.

13. MERS never held the Note nor did it hold any beneficial interest to the Mortgage.

14. JUNG were misled by MERS, National City Mortgage, a division of National City Bank of Indiana, National City Bank and Deutsche Bank National Trust Company as Trustee into believing that National City Mortgage, a division of National City Bank of Indiana was his actual mortgagee. No mention was ever made of MERS at the closing and there was never a meeting of the minds between MERS and JUNG.

3

15. National City Mortgage, a division of National City Bank of Indiana and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE utilized MERS to hide the transfer of the beneficial interest in the JUNG loan to an undisclosed number of undisclosed entities for an undisclosed amount of fees. This, in turn, facilitated the securitization process of the JUNG Loan into a securitized investment vehicle.

16. Upon information and belief DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE. was and is not the Holder of Plaintiff's Mortgage and/or Note, and was not the Holder of said instruments at the times of said foreclosure actions.

17. The actions taken by DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE are without any force or effect relative to the attempted sale of the property because upon information and belief DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE was not the Holder of Plaintiff's Mortgage and/or Note.

18. The documents, records and information regarding the identification of said Mortgage Backed Trust that is the true Holder of Plaintiffs' Note and Mortgage, are in the exclusive control of Defendant DEUTSCHE BANK and as such can only be obtained through discovery.

19. MERS was not the mortgagee or the lender regarding the above referenced transaction and further, by its own admission, is not a mortgage company.

20. On or about September 27, 2013, an alleged Assignment of Mortgage was recorded purporting to transfer the JUNG Mortgage from MERS as nominee for PNC Bank to Deutsche Bank National Trust Company as Trustee. The alleged Assignment was recorded in the Land Evidence Records of the City of Providence in Book 10704 Page 122. There is no assignment or power of attorney of record giving MERS the authority to act as a nominee or otherwise of PNC Bank and MERS as nominee to PNC Bank was not a valid assignor at the time the purported assignment was recorded. The assignment is invalid and void.

21. The Assignment is not "duly executed" in accordance with R.I.G.L. 34-11-1 and 34-11-24 because the signatory is not an employee of MERS and did not have authority to execute assignments on behalf of PNC Bank.

22. Based on information and belief the signatures on the Assignment are not "duly executed" in accordance with R.I.G.L. 34-11-1 because the signatory did not have personal knowledge of any alleged transfer of the JUNG Note or Mortgage from National City Mortgage, a division of National City Bank of Indiana, PNC Bank or MERS to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE.

23. The Assignment of Mortgage failed to assign the Note because MERS never held the Note and was never a party to the Note. The Assignment was a "nullity" for failure to assign the note.

4

24. DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE was not a valid mortgagee or assignee of the mortgagee that could invoke the Statutory Power of Sale pursuant to Rhode Island Law.

25. The Mortgage, contains language that provides for the Statutory Power of Sale in the event of a default on the note by JUNG.

26. The Mortgage clearly states that the *Lender (ie.* National City Mortgage, a division of National City Bank of Indiana), upon default by the borrower, may invoke the Statutory of Sale.

27. The Lender (ie. National City Mortgage, a division of National City Bank of Indiana) never invoked the Statutory Power of Sale in this matter.

28. The Mortgage states that "Lender shall publish the notice of sale."

29. The Lender (ie. National City Mortgage, a division of National City Bank of Indiana) never published the notice of sale.

30. Defendants, which are not the Lender, wrongly and without contractual or statutory authority, are attempting to invoke the power of sale.

31. Defendants, which are not the Lender, wrongly published the notice of sale without contractual or statutory authority.

32. The actions taken by the Defendants, are without any force or effect relative to the invocation of the Statutory Power of Sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the Note and the Mortgage.

33. The foreclosure has not been noticed or scheduled or advertised as required by the Note and Mortgage.

34. DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE is not a valid successor or assign.

35. DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE does not have standing to foreclose.

36. DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE and attempted to conduct an alleged foreclosure auction on JUNG's property while falsely claiming to be the holder of the Mortgage.

37. Plaintiffs further contend that the Note they gave in return for being granted said mortgage loan was not in default at the time foreclosure action was commenced and/or completed. Moreover, Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY AS

TRUSTEE knew that the Note given by Plaintiffs was not in default, yet proceeded to foreclosure anyway.

38. This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such falls within the jurisdiction of this Honorable Superior Court.

39. This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

### COUNT I
### Injunctive Relief and Declaratory Judgment

40. The Plaintiffs hereby reincorporates paragraphs 1 – 39 as if they were fully articulated herein.

41. Defendants have no interest in the property, the mortgage or note and, thus, have no standing to foreclose upon the note and mortgage.

42. The Mortgage and Assignments are not duly acknowledged or executed in accordance with R.I.G.L. 34-11-1, 34-11-12, and 34-11-24 and are "void" according to the statute.

43. The purported Assignments from MERS as nominee for PNC Bank to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE are invalid and void.

44. MERS and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE have abused the use of the foreclosure process knowing that it did not have a valid assignment of the note and mortgage, and as a result the JUNG has suffered compensable damages.

45. Plaintiffs are being irreparably harmed by the actions of all of the Defendants.

46. Plaintiffs have no other remedy at law but to seek the relief requested herein.

47. The Equities of the matter favor the Plaintiffs.

48. Public Policy matters favor the Plaintiffs.

**WHEREFORE,** JUNG prays for the following relief:

    a. Determine that there are no assignments of record with regard to the mortgage;
    b. Determine that any Foreclosure Deed is null and void;
    c. Order that MERS as nominee for PNC Bank and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE have no interest in the subject property;
    d. Restrain MERS as nominee for PNC Bank and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE from commencing any further foreclosure actions or eviction actions against the Plaintiffs or Plaintiffs' tenants pending a trial on the merits of the Plaintiffs' complaint,

e.  Award the Plaintiffs compensatory damages against all of the Defendants for their wrongful slander of title and abuse of process in a sum to be determined by a trier of fact

f.  Award attorney's fees and costs

g.  Award such other relief ass this Court deems just and proper.

## COUNT II
### Quieting Title
### Rhode Island General Law §34-16-5

49. The Plaintiffs hereby realizes and reincorporates paragraphs 1 – 39 as if they were fully articulated herein.

50. The real estate at issue is located at 397-399 Hope Street, Providence, Rhode Island.

51. DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE and JUNG both make claim to the fee simple interest in the aforesaid property.

52. JUNG claims title to the property pursuant to a Deed recorded on May 25, 2005 in Book 7305 Page 260 in the Land Evidence Records of the City of Providence.

53. DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE claims an interest adverse to JUNG by way of an Assignment of Mortgage from MERS as nominee for PNC Bank recorded on September 27, 2013 in Book 10704 Page 122 in the Land Evidence Records of the City of Providence. The Assignment of Mortgage is invalid and void.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court grant the following relief:

i.   Declare that the purported Assignment from MERS as nominee for PNC Bank to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE are invalid, void and failed to transfer title to said Mortgage and Note to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE ;

ii.  That any foreclosure sale conducted by the Defendants, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE , be declared void;

iii. That any Foreclosure Deed recorded by the Defendants is void;

iv.  Injunctive relief staying DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE and any subsequent purchaser from DEUTSCHE BANK from proceeding with any eviction actions against the Plaintiffs, Mee H Jung or his tenants;

v.   Declare that the Plaintiff, JUNG, is the owner of the Property;

vi.    Award the Plaintiffs money damages from Defendants for all monetary damages including but not limited to attorneys' fees and such further relief ass is just and equitable;

vii.   Injunctive relief staying any foreclosure sale on the Property so that this case may adequately be heard prior to an unjust foreclosure; and

viii.  Such other relief this Court deems fair and just.

Plaintiffs,
Mee H Jung,
By his attorney,

Todd S. Dion Esq. (6852)
1599 Smith Street
North Providence, RI 02911
401-650-6003 Phone
401-270-2202 Fax

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all matters so triable as a matter of right.

# EXHIBIT B

CM/ECF     ?

- Query
- Reports
- Utilities
- Logout

CLOSED

# U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: 1:16-cv-00232-M-LDA

Jung v. Ocwen Loan Servicing, LLC et al
Assigned to: Judge John J. McConnell, Jr.
Referred to: Magistrate Judge Lincoln D. Almond
Case in other court: Providence Superior Court, PC-16-01642
Cause: 28:1332 Diversity-Notice of Removal

Date Filed: 05/23/2016
Date Terminated: 08/29/2016
Jury Demand: None
Nature of Suit: 220 Real Property: Foreclosure
Jurisdiction: Diversity

**Plaintiff**

**Mee H. Jung**                     represented by **Todd S. Dion**
                                    Law Office of Todd S. Dion Esq.
                                    371 Broadway
                                    Providence, RI 02909
                                    401-353-1230
                                    Fax: 401-353-1231
                                    Email: toddsdion@msn.com
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ocwen Loan Servicing, LLC**       represented by **Samuel C. Bodurtha**
                                    Hinshaw & Culbertson LLP
                                    321 South Main Street
                                    Suite 301
                                    Providence, RI 02903
                                    (401) 751-0842
                                    Fax: (401) 751-0072
                                    Email: sbodurtha@hinshawlaw.com
                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Deutsche Bank Trust Company
Americas, as Trustee for Residential
Accredit Loans, Inc., Mortgage
Asset-Backed Pass Through
Certificates Series 2006-QS8**

represented by **Samuel C. Bodurtha**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/23/2016 | 1 | NEW CASE/NOTICE OF REMOVAL from Providence County Superior Court, Case Number PC-2016-1642. Filing fee $ 400, receipt number 0103-971711, filed by Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificates Series 2006-QS8, Ocwen Loan Servicing, LLC. (Attachments: # 1 Exhibit Exhibit A, # 2 Civil Cover Sheet)(Bodurtha, Samuel) (Entered: 05/23/2016) |
| 05/23/2016 | 2 | Corporate Disclosure Statement by Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificates Series 2006-QS8 identifying Other Affiliate Deutsche Bank AG for Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificates Series 2006-QS8.. (Bodurtha, Samuel) (Entered: 05/23/2016) |
| 05/23/2016 | 3 | Corporate Disclosure Statement by Ocwen Loan Servicing, LLC identifying Other Affiliate Ocwen Financial Corporation for Ocwen Loan Servicing, LLC.. (Bodurtha, Samuel) (Entered: 05/23/2016) |
| 05/23/2016 | 4 | STIPULATION *for Extension of Time to Respond to Complaint* by Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificates Series 2006-QS8, Ocwen Loan Servicing, LLC. (Bodurtha, Samuel) (Entered: 05/23/2016) |
| 05/23/2016 | | Case assigned to Judge John J. McConnell, Jr. and Magistrate Judge Lincoln D. Almond. (Urizandi, Nisshy) (Entered: 05/23/2016) |
| 05/25/2016 | 5 | STATE COURT RECORD received electronically from the State of Rhode Island filed by Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificates Series 2006-QS8, Ocwen Loan Servicing, LLC. (McGuire, Vickie) (Entered: 05/25/2016) |
| 05/31/2016 | | TEXT ORDER entering 4 Stipulation to extend time; Reset Deadlines: Ocwen Loan Servicing, LLC answer due 6/24/2016.- So Ordered by Judge John J. McConnell, Jr. on 5/31/2016. (Barletta, Barbara) (Entered: 05/31/2016) |
| 06/23/2016 | 6 | STIPULATION re 1 Notice of Removal - New Case, *for Extension of Time to Response to the Complaint* by Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificates Series 2006-QS8, Ocwen Loan Servicing, LLC. (Bodurtha, Samuel) (Entered: 06/23/2016) |

| 06/24/2016 | | TEXT ORDER entering 6 Stipulation to extend time; Reset Deadlines: Ocwen Loan Servicing, LLC answer due 7/8/2016.- So Ordered by Judge John J. McConnell, Jr. on 6/24/2016. (Barletta, Barbara) (Entered: 06/24/2016) |
|---|---|---|
| 07/08/2016 | 7 | STIPULATION *for Extension of Time to Complaint* by Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificates Series 2006-QS8, Ocwen Loan Servicing, LLC. (Bodurtha, Samuel) (Entered: 07/08/2016) |
| 07/11/2016 | | TEXT ORDER entering 7 Stipulation to extend time; Reset Deadlines: Ocwen Loan Servicing, LLC, Ocwen Loan Servicing, LLC answer due 7/29/2016.- So Ordered by Judge John J. McConnell, Jr. on 7/11/2016. (Barletta, Barbara) (Entered: 07/11/2016) |
| 07/29/2016 | 8 | MOTION to Dismiss *and Dissolve Lis Pendens* filed by Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificates Series 2006-QS8, Ocwen Loan Servicing, LLC. Responses due by 8/15/2016 (Bodurtha, Samuel) (Entered: 07/29/2016) |
| 07/29/2016 | 9 | MEMORANDUM IN SUPPORT by Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificates Series 2006-QS8, Ocwen Loan Servicing, LLC in support of 8 MOTION to Dismiss *and Dissolve Lis Pendens* . (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit) (Bodurtha, Samuel) (Entered: 07/29/2016) |
| 08/15/2016 | 10 | STIPULATION re 8 MOTION to Dismiss *and Dissolve Lis Pendens*, 9 Memorandum in Support, by Mee H. Jung. (Dion, Todd) (Entered: 08/15/2016) |
| 08/16/2016 | | TEXT ORDER entering 10 Stipulation filed by Mee H. Jung; Reset Deadlines: Response to 8 Motion to Dismiss due by 8/29/16 - So Ordered by Judge John J. McConnell, Jr. on 8/16/2016. (Barletta, Barbara) (Entered: 08/16/2016) |
| 08/26/2016 | 11 | NOTICE of Voluntary Dismissal by Mee H. Jung (Dion, Todd) (Entered: 08/26/2016) |
| 08/29/2016 | | TEXT ORDER entering 11 Notice of Voluntary Dismissal filed by Mee H. Jung - So Ordered by Judge John J. McConnell, Jr. on 8/29/2016. (Barletta, Barbara) (Entered: 08/29/2016) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/14/2017 10:55:12 | | | |
| PACER Login: | leclairryan1:4987306:0 | Client Code: | 38588.0607/3112 |

| Description: | Docket Report | Search Criteria: | 1:16-cv-00232-M-LDA |
|---|---|---|---|
| Billable Pages: | 2 | Cost: | 0.20 |

# EXHIBIT A



STATE OF RHODE ISLAND AND            PROVIDENCE PLANTATIONS

## SUPERIOR COURT

RECEIVED BY
OCWEN LAW DEPARTMENT
MAY 0 2 2016

Initials:_____

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2016-1642 |
| **Plaintiff**<br>Mee H. Jung<br>v.<br>**Defendant**<br>Ocwen Loan Servicing, Llc | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion<br>**Address of the Plaintiff's Attorney or the Plaintiff**<br>1599 SMITH STREET<br>NORTH PROVIDENCE RI 02911 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>1661 Worthington Road<br>West Palm Beach FL 33409 |

**TO THE DEFENDANT, Ocwen Loan Servicing, LLC:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 4/13/2016. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND          PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| Mee H. Jung | PC-2016-1642 |
| v. | |
| **Defendant** | |
| Ocwen Loan Servicing, Llc | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Ocwen Loan Servicing, LLC, by delivering or leaving said papers in the following manner:

☐ With the Defendant **personally.**

☐ At the Defendant's **dwelling house or usual place of abode with a** person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND          PROVIDENCE PLANTATIONS

### SUPERIOR COURT

Upon a private corporation, domestic or foreign:
- ☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____
- ☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____
- ☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____
  _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
|---|---|
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

**SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.**

_____
Signature

State of _____
County of _____

On this _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

មើលសេចក្តីជូនដំណឹងនេះជាភាសាខ្មែរ អេស្បាញ និងព័ត៌មានប្រែសម្រាប់ភាសាផ្សេងទៀត



## សេចក្តីជូនដំណឹង

## លោកអ្នកមានបណ្ដឹងនៅក្នុងប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។

## លោកអ្នកមានសិទ្ធិស្នើសុំអ្នកបកប្រែដោយឥតគិតថ្លៃសម្រាប់ខ្លួនឯង។

ដីកាប្រតិបត្តិរបស់តុលាការកំពូលនៃ Rhode Island (Rhode Island Supreme Court Executive Order) លេខ 2012-05 បានចែងថានៅពេលបុគ្គលដែលមានចំណេះដឹងផ្នែកភាសាអង់គ្លេសមានកំណត់ (LEP) បង្ហាញខ្លួននៅក្នុងតុលាការ តុលាការនៃ Rhode Island និងផ្ដល់អ្នកបកប្រែដែលបានអនុញ្ញាតដោយឥតគិតថ្លៃសម្រាប់ចុងចោទ ដើមចោទ។ សាក្សី ជនរងគ្រោះ មាតាបិតារបស់អនីតិជន ឬអាណាព្យាបាលដែលកំពុងខ្វាយខ្វល់ខាងនៅក្នុងដំណើរការតុលាការ។ សេវាកម្មបកប្រែនេះ ត្រូវបានផ្ដល់ជូនដោយឥតគិតថ្លៃសម្រាប់គូភាគី និងនៅគ្រប់ប្រភេទនៃបណ្ដឹង ទាំងរដ្ឋប្បវេណី និងព្រហ្មទណ្ឌ។ អ្នកបកប្រែក្នុងតុលាការធ្វើការនៅក្នុងគ្រប់តុលាការទាំងអស់របស់ប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។

ដើម្បីត្រាចរពលរាបលរាបអ្នកបកប្រែសម្រាប់បំផ្គង់សេវានៅតារាបលរបស់លោកអ្នក អ្នកអ្នកមានជម្រើសបីចាងក្រោម ៖

1.  ទូរស័ព្ទមកកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710 ឬ
2.  ផ្ញើអ៊ីម៉ែលទៅកាន់ **interpreterfeedback@courts.ri.gov** ឬ
3.  ទៅកាន់ការិយាល័យអ្នកបកប្រែដើម្បីត្រាចរពលរាបលរបស់អ្នកបកប្រែ ៖

    **The Office of Court Interpreters**
    **Licht Judicial Complex**
    **Fourth Floor, Room 401**
    **250 Benefit Street**
    **Providence, RI 02903**

នៅពេលស្នើសុំអ្នកបកប្រែ សូមផ្ដល់នូវព័ត៌មានដូចខាងក្រោម ៖

*   ឈ្មោះ និងលេខបណ្ដឹងរបស់លោកអ្នក
*   ភាសាដែលលោកអ្នកស្នើសុំ
*   កាលបរិច្ឆេទ និងម៉ោងសវនាការរបស់លោកអ្នក
*   ទីតាំងនៃសវនាការរបស់លោកអ្នក
*   ឈ្មោះ និងលេខទូរស័ព្ទលោកអ្នកដែលយើងអាចទាក់ទាក់ទំនងលោកអ្នក ឬមេធាវីលោកអ្នកបាន

សម្រាប់ព័ត៌មានបន្ថែមជាភាសាអង់គ្លេសទុយហ្វើល រុស្សី និងអេស្បាញ រួមទាំងបញ្ជីទម្រង់បែបបទតុលាការដែលមានជាភាសាអេស្បាញនោះ សូមចូល ទៅកាន់គេហទំព័រយើងខ្ញុំនៅលើអ៊ិនធឺណិត ៖

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

ដើម្បីស្នើសុំការបកប្រែសេចក្តីជូនដំណឹងនេះជាភាសាណាមួយផ្សេងទៀត សូមទូរស័ព្ទមកកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710។ រាជការចាំចាប់ដែលត្រូវអនុគមិយាយកភាសាអង់គ្លេសជាមួយលោកអ្នកនៅពេលដែលលោកអ្នកខ្វះស្ដីឡូឡ។

តុលាការ Rhode Island ខ្វះជាធ្វើឡុៗតុលាការអាចប្រើប្រាស់បានសម្រាប់មនុស្សគ្រប់គ្នា។

---

ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការ

Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# A V I S O

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.

La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.

Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

**Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:**

1. **Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;**

2. **Mandar un correo electrónico a interpreterfeedback@courts.ri.gov; o**

3. **Presentarse a la Oficina de Intérpretes para solicitar un intérprete:**

    **The Office of Court Interpreters**
    **Licht Judicial Complex**
    **Cuarto Piso, Oficina 401 A-B**
    **250 Benefit Street**
    **Providence, RI 02903**

    **Al solicitar un intérprete, por favor provea la siguiente información:**

- **El nombre y el número de su caso**

- **El idioma que solicita**

- **La fecha y hora de su audiencia**

- **Dónde va a tomar lugar su audiencia**

- **Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.**

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.

**Camboyano:** SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]

**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.

**Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# N O T I F I C A Ç Ã O

## V. Ex.ᵃ tem um processo em curso no sistema judiciário do Estado de Rhode Island,

## V. Ex.ᵃ tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (*Limited-English Proficient*) (LEP) comparece em tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

**Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:**

1.   **Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou**

2.   **Enviar uma mensagem de correio eletrónico para <u>interpreterfeedback@courts.ri.gov</u>, ou**

3.   **Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:**

> **Gabinete de Intérpretes Judiciais**
> **Complexo Judicial Licht**
> **Quarto Piso, Sala 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:**

- **O nome e número do seu processo**
- **O idioma que solicita**
- **A data e hora da sua audiência**
- **O local da sua audiência**
- **O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado**

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet:

<u>https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx</u>.

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

9/15

See this notice in Cambodian, Spanish, and Portuguese on the attached pages. **Español**: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas. **Português**: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTICE

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

**To schedule an interpreter for your day in court, you have the following options:**

1.    **Call the Office of Court Interpreters at (401) 222-8710, or**

2.    **Send an email message to <u>interpreterfeedback@courts.ri.gov</u>, or**

3.    **Visit the interpreters' office to schedule an interpreter:**

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Fourth Floor, Room 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**When requesting an interpreter, please provide the following information:**

> **The name and number of your case**
> **The language you are requesting**
> **The date and time of your hearing**
> **The location of your hearing**
> **Your name and a telephone number where we can reach you or your lawyer**

---

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the Internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

The Office of Court Interpreters
Licht Judicial Complex Fourth
Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15

STATE OF RHODE ISLAND          SUPERIOR COURT
PROVIDENCE, SC

| | | |
|---|---|---|
| MEE H. JUNG, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | CA NO. |
| vs. | ) | |
| | ) | |
| | ) | CIVIL COMPLAINT |
| OCWEN LOAN SERVICING, LLC; | ) | |
| DEUTSCHE BANK TRUST COMPANY | ) | JURY DEMAND |
| AMERICAS, AS TRUSTEE FOR RESIDENTIAL | ) | |
| ACCREDIT LOANS, INC. MORTGAGE ASSET- | ) | |
| BACKED PASS-THROUGH CERTIFICATES | ) | |
| SERIES 2006-QS8 | ) | |
| *Defendant.* | ) | |

## INTRODUCTION

1.    This complaint seeks damages and a declaratory judgment that Defendants,

Ocwen Loan Servicing, LLC as servicer for Deutsche Bank Trust Company Americas, as

Trustee for Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-Through

Certificates Series 2006-QS8, proceeded with a non-judicial foreclosure in violation of

the terms of a mortgage on Plaintiff's residential home. Plaintiff alleges that the

Defendants never sent and Plaintiff never received proper notice of default and

acceleration pursuant to paragraph 22 of the Mortgage. Furthermore, Plaintiff sets forth

that the Foreclosure Deed is void for failure to comply with the mandatory language of

34-11-34 requiring a Power of Attorney to be recorded prior to the Deed. Finally

Plaintiff contends that Defendant, Ocwen Loan Servicing, LLC, did not have the requisite

authority to foreclose on the Plaintiff's home from Deutsche Bank as Trustee. Plaintiff

prays that this Honorable Court declare that any foreclosure and mortgagee's foreclosure

sale of Plaintiff's rightful property, was in violation of said statutes and the terms of said mortgage, and is therefore invalid, void, and without force and effect.

## JURISDICTION AND VENUE

2.      Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

3.      Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

    a.  Plaintiff claims the foreclosure was in violation of R.I.G.L. § 34-11-34 and is therefore void;

    b.  Plaintiff claims that the foreclosure was in violation of R.I.G.L. § 34-11-22 because the foreclosure did not comply with the terms of the mortgage.

## PARTIES

4.      Plaintiff, Mee H. Jung, resides at and claims to be the owner of real property located 397-399 Hope Street, Providence, RI 02906 which is the subject property referenced herein.

5.      Defendant, Ocwen Loan Servicing, LLC is a bank related Services Company with headquarters located at 1661 Worthington Road, West Palm Beach, FL 33409.

6.      Defendant, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit loans, Inc. Mortgage Asset-Backed pass-Through Certificates Series 2006-QS8. It is located at 31 West 52nd St. New York, NY 10019.

## FACTS

7.     Plaintiff, Mee H. Jung, resides at and claims to be the owner of real property located 397-399 Hope Street, Providence, RI 02906 which is the subject property referenced herein.

8.     On January 26, 2005, Plaintiff was granted the subject property as sole owner. The deed evidencing the transfer of the subject property was recorded in the City of Providence, Clerk's Office, Land Evidence, Records in Book 7062 Page 172, on January 26, 2005.

9.     On May 1, 2006, Plaintiff executed a mortgage to National City Mortgage a Division of National City Bank of Indiana as Lender and Mortgagee in the amount of Four Hundred and Eighty-Four Thousand Dollars and 00/100 ($484,000.00) Dollars. Said mortgage was recorded in the City of Providence, Clerk's Office, Land Evidence, Records in Book 8028 at Page 324 on May 5, 2006.

10.    On or about September 27, 2013, an alleged Assignment of Mortgage was recorded purporting to transfer the JUNG Mortgage from MERS as nominee for PNC Bank to Deutsche Bank National Trust Company as Trustee. ("First Assignment") The First Assignment was recorded in the Land Evidence Records of the City of Providence in Book 10704 Page 122. There is no assignment or power of attorney of record giving MERS the authority to act as a nominee or otherwise of PNC Bank and MERS as nominee to PNC Bank was not a valid assignor at the time the purported assignment was recorded. The assignment is invalid and void.

3

ed in Providence/Bristol County Superior Court
omitted: 4/13/2016 12:51:38 PM-CV-00232-M-LDA   Document 1-1   Filed 05/23/16   Page 12 of 19 PageID #: 16
relope: 571219
/iewer: Carol Graziano

11.      On or about September 27, 2013, a second assignment of mortgage was recorded purporting to transfer the Jung Mortgage from National City Mortgage a Division of National City Bank of Indiana, to National City Mortgage, a Subsidiary of National City Bank of Indiana.  ("Second Assignment").   Said purported "Second Assignment of Mortgage" was recorded in the Land Evidence Records of the City of Providence in Book 10704 Page 118 on September 27, 2013.

12.      On or about September 27, 2013, a third assignment of mortgage was recorded purporting to transfer the Jung Mortgage from National City Mortgage a Subsidiary of National City Bank of Indiana, to Mortgage Electronic Registration Systems ("MERS"). ("Third Assignment").  Said purported "Third Assignment of Mortgage" was recorded in the Land Evidence Records of the City of Providence in Book 10704 Page 120 on September 27, 2013.

13.      Said Third Assignment of Mortgage did not assign the underlying collateral Note because MERS does not hold promissory Notes.  Therefore the Third Assignment of the Jung Mortgage effectively separated the Note from the Mortgage.

14.      On or about September 27, 2013, a fourth assignment of mortgage was recorded purporting to transfer the Jung Mortgage from MERS, to Defendant, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit loans, Inc. Mortgage Asset-Backed pass-Through Certificates Series 2006-QS8. ("Fourth Assignment").  Said purported "Fourth Assignment of Mortgage" was recorded in the Land Evidence Records of the City of Providence in Book 10704 Page 122 on September 27, 2013.

15.      The Fourth Assignment was purportedly executed by MERS "as nominee for PNC Bank National Association, successor by merger to National City Bank, successor

4

by merger to National City Mortgage, a division of National City Bank of Indiana, and its

successors and assigns". The Fourth Assignment is void because there is no power of

attorney nor document purporting to give MERS authority to assign the mortgage as

nominee or otherwise in accordance with R.I.G.L. 34-11-34.

16.     Based on information and belief MERS did not have specific authority from PNC

Bank, National City Bank, or National City Mortgage to assign the mortgage to

Defendant Deutsche Bank as Trustee. The Fourth Assignment is void.

17.     Based on information and belief, Defendant Ocwen Loan Servicing, LLC did not

have specific authority from Defendants Deutsche Bank as Trustee to instruct Harmon

Law to foreclose on the Mortgage.

18.     On or about January 13, 2014 Harmon Law sent Plaintiff a notice of foreclosure

sale stating that Harmon Law was instructed by the holder of the Mortgage to commence

a foreclosure of the property. Harmon Law was not instructed to foreclose by the "holder

of the mortgage" but by Ocwen Loan Servicing, LLC.

19.     On or about March 7, 2014, a foreclosure sale took place on the property in which

the alleged purchaser was the Defendants Deutsche Bank Trust Company Americas, as

Trustee for Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-Through

Certificates Series 2006-QS8.

20.     Plaintiff herein alleges that prior to acceleration and prior to the foreclosure she

never received and the Lender never gave notice in accordance with paragraph 22 of the

mortgage, a notice of "a) default; b) the action required to cure the default; c) a date, not

less than 30 days from the date the notice is given to Borrower, by which the default must

be cured; and d) that failure to cure the default on or before the date....may result in

acceleration". The notice further should have informed the Plaintiff that she had a "right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense". Plaintiff asserts that such notice was never sent by the Lender and that as a result the foreclosure sale is invalid and void due to Lender and or Defendants failure to comply with the this term of the Mortgage.

21.     As such, any foreclosure and mortgagee's foreclosure sale, by Defendants, of the subject property is invalid, void, and without force and effect.

22.     On or about April 6, 2015 a Foreclosure Deed was recorded purporting to grant the Property to Defendant, Deutsche Bank as Trustee in Book 11088 at page 98. The Foreclosure Deed was executed by "Ocwen Loan Servicing LLC as Attorney In Fact".

23.     Prior to the Foreclosure Deed there was no Power of Attorney executed or recorded giving Ocwen authority to grant the Property to Defendant Deutsche Bank as Trustee. The Foreclosure Deed is void for failure to comply with R.I.G.L. 34-11-34.

24.     As a result of Defendants' violation of 34-11-34 and actions in foreclosing on the Plaintiff's property, the Plaintiff has suffered damages including emotional distress, loss of title to their home, court costs, attorney's fees in defense of foreclosure and eviction

### COUNT I
### VIOLATION OF R.I.G.L 34-11-34

27.     Plaintiff repeats and reincorporates by reference all paragraphs above as if fully articulated herein.

28.     Rhode Island General Laws 34-11-34 entitled "Conveyances executed by attorney – Recording of Power" states that "Any conveyance executed by attorney shall be as valid as if executed by the grantor himself, providing that a power of attorney be given by

6

id in Providence/Bristol County Superior Court
mitted: 4/13/2016 8:31:30 PM CV-00232-M-LDA   Document 1-1   Filed 05/23/16   Page 15 of 19 PageID #: 19
relope: 571219
Viewer: Carol Graziano

such grantor for this purpose; which power and the deed executed by the attorney thereunder shall be signed, acknowledged, delivered and recorded with like formalities prescribed by law concerning deeds from grantors in person".

29.     The Fourth Assignment of Mortgage and Foreclosure Deed failed to comply with the mandatory language of 34-11-34, which requires such power of attorneys to be signed, acknowledged, delivered and recorded prior to recording the assignments. Therefore both Fourth Assignment and Foreclosure Deed are null and void.

## COUNT II
## BREACH OF CONTRACT AND TERMS OF THE MORTGAGE

30.     Plaintiff repeats and reincorporates by reference all paragraphs above as if fully articulated herein.

31.     Rhode Island permits non-judicial foreclosure under the statutory power of sale contained at R.I.G.L. § 34-11-22, so long as the terms of the mortgage and the statutes related to the power of sale are complied with.

32.     If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then a foreclosure is void.

33. The mortgage given by Plaintiff secured by the subject property states at Paragraph 22 as follows:

> **22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of

7

the sums secured by the Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

(Emphasis added).

34. The foreclosure allegedly conducted by the Defendants as well as the acceleration were invalid because the Lender failed to give notice in accordance with the terms of the Mortgage is set forth in paragraph 22 of the mortgage.

35. As a result of Defendants' breach of the terms of the Mortgage and actions in foreclosing on the Plaintiff's property, the Plaintiff has suffered damages including emotional distress, loss of title to their home, court costs, attorney's fees in defense of foreclosure and eviction.

## COUNT III
## DEFENDANT OCWEN LOAN SERVICING, LLC'S DID NOT HAVE AUTHORITY TO INSTRUCT FORECLOSURE COUNSEL TO FORECLOSE

36.     Plaintiff repeats and reincorporates by reference all paragraphs above as if fully articulated herein.

37.     Harmon Law was retained by Ocwen Loan Servicing, LLC to foreclose, not the purported mortgagee Deutsche Bank as Trustee.

38.     At the time of the foreclosure Ocwen Loan Servicing, LLC was not the Mortgagee or Assignee of the Plaintiff's Mortgagee.

39.     At all relevant times required to foreclosure Defendant Ocwen Loan Servicing, LLC did not have specific authority to foreclose on behalf of the Defendant Deutsche Bank as Trustee.

40.     As a result of Defendants' unauthorized actions in foreclosing on the Plaintiff's

property, the Plaintiff has suffered damages including emotional distress, loss of title to

their home, court costs, attorney's fees in defense of foreclosure and eviction

## COUNT IV
## QUIETING TITLE
## RHODE ISLAND GENERAL LAW §34-16-5

41.     Plaintiff repeats and reincorporates by reference all paragraphs above as if fully

articulated herein.

42.     The Plaintiff and the Defendant Deutsche Bank as Trustee both make claim to the

fee simple interest in the aforesaid property.

43.     The Plaintiff claims ownership and title to the Property from a Deed granting the

property to Plaintiff which was recorded in the City of Providence, Clerk's Office, Land

Evidence, Records in Book 7062 Page 172, on January 26, 2005.  The name and

address of the Plaintiff have been set forth herein above.

44.     The Defendant, Deutsche Bank as Trustee, claims ownership and title to the

Property from a void Mortgagee's Foreclosure Sale and void Foreclosure Deed recorded

in the City of Providence, Clerk's Office, Land Evidence Records in Book 11088 at Page

98 on April 6, 2015.

45.     Plaintiff never received and the Defendants or Lender failed to send any Notice of

Default prior to acceleration in accordance with the terms of the Mortgage.

46.     The Defendants allegedly conducted a foreclosure sale when they failed to

properly hold the Mortgage as assignee in accordance with R.I.G.L. 34-11-34.

47.     The Foreclosure Deed is void because it was executed by an attorney in fact that

failed to record a power of attorney prior to the foreclosure deed.

d in Providence/Bristol County Superior Court
omitted: 4/13/2016 12:31:38 PM CV-00232-M-LDA   Document 1-1   Filed 05/23/16   Page 18 of 19 PageID #: 22
relope: 571219
Viewer: Carol Graziano

48.     The Defendant Ocwen Loan Servicing, LLC instructed foreclosure counsel to foreclose on the property without specific authority to foreclose from the mortgagee.

49.     The resulting foreclosure sale was wrongful, without legal effect and is void.

50.     The foreclosure sale conducted by the Defendants is also void as against public policy.

51.     The Plaintiff has suffered damages and loss of property interest as a direct result of the conduct of the Defendants.

52.     The Plaintiff, Mee H. Jung, is entitled to a judgment quieting the title the Property and declaring that he is still the owner of the subject Property.

**WHEREFORE**, Plaintiff prays for the following relief:

   i.     Declare that the Plaintiff, Mee H. Jung, is the true and lawful owner of 397-399 Hope Street, Providence, RI 02906;

   ii.    Declare that the fourth assignment and foreclosure sale and deed of the Plaintiff's rightful property, as noted herein, is in violation of R.I.G.L. §§ 34-11-34, that the Defendants breached the covenants of the mortgage, and therefore the purported foreclosure sale is void, invalid and without force and effect;

   iii.   Enjoin and restrain the Defendant from continuing or initiating any foreclosure actions or eviction actions against the Plaintiff or their tenants until the title to the property in dispute is cleared;

iv.    Otherwise permanently enjoin and restrain the Defendant from initiating, pursuing, or filing any foreclosure actions, eviction actions, or otherwise exercising or demonstrating any ownership of the demised premises located at 397-399 Hope Street, Providence, RI 02906, until such time as the Plaintiff's claims have been heard and determined;

v.    Declare that Plaintiff owns the premises in fee simple at 397-399 Hope Street, Providence, RI 02906, and that its title is superior to the claims of the Defendants';

vi.    Award the Plaintiff actual and exemplary damages as well as reasonable attorney's fees and costs;

vii.    Grant such other relief that is just and equitable.


Dated: April 11, 2016

Respectfully Submitted,
Mee H. Jung,
Through her Attorney,

/s/ Todd S. Dion
Todd S. Dion Esq. (#6852)
1599 Smith Street
North Providence, RI 02911
401-353-1230 Phone
401-353-1231 Fax
toddsdion@msn.com